**Ralph K. DILLON, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 80–791.

District of Columbia Court of Appeals.

Argued May 12, 1981.

Decided Sept. 10, 1981.

Bruce Zagaris, Washington, D. C., appointed by this court, for appellant.

Ina L. Strichartz, Asst. U. S. Atty., Washington, D. C., with whom Charles F. C. Ruff, U. S. Atty., John A. Terry, John R. Fisher, and Katherine Winfree, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before KERN, NEBEKER, and PRYOR, Associate Judges.

PER CURIAM:

A jury convicted appellant of possessing a dangerous drug in violation of D.C. Code 1973, § 33–702(a)(4), and the court sentenced him to six months' imprisonment but suspended execution and placed appellant on probation for two years.

Appellant attacks his judgment of conviction on the ground that the court erred in refusing his pretrial request for a transcript of the first trial on this charge which had been held about one month earlier before the same judge and had resulted in a mistrial. Appellant, citing *Britt v. North Carolina*, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971), urges that he, as an indigent defendant, was denied that which a defendant with means would surely have obtained, *viz.*, the mistrial transcript, and hence was denied equal protection.

The Supreme Court recognized in *Britt* that a transcript of a prior mistrial would be valuable in two ways: as a discovery device in preparation for trial itself and for the impeachment at trial of prosecution witnesses.[1]

---

1. The Court in *Britt* did not acknowledge any value to the defendant of having his own prior testimony before he went to trial a second time. We have previously determined a defendant is *not* prevented from presenting an effective defense at retrial merely because he lacks the portion of the first trial containing his own testimony. *Kleinbart v. United States*, D.C. App., 426 A.2d 343 (1981).

As to whether pretrial denial of the transcript of the first trial deprived appellant of a discovery device in his preparation for the retrial, we note that the charge against appellant was uncomplicated and the government case quite straightforward.[2]

Basically, the prosecution presented at both the first and the second trials two police officers who testified that they saw appellant receive money from another and then walk over and pick up a small manila coin envelope from behind a curbing and remove something from it. He gave the object to the person from whom he had received the cash. Less than five minutes later, the officers arrested appellant and discovered a proscribed drug in that envelope, exactly where he had replaced it after the cash transaction. Since the first trial had occurred only a month before and defense counsel here also represented appellant at that trial and had taken notes of the testimony of the two police witnesses, we are not persuaded, upon the particular facts of the instant case, that appellant was denied a discovery device so as to violate the equal protection mandate contained in *Britt*.[3]

As to appellant's ability to impeach the prosecution witnesses, the record reflects that the court, after discovering in the midst of the retrial that a transcript of the prior mistrial did exist and was in possession of the prosecutor, declared a recess.

It did so expressly in order that defense counsel might review this transcript and then cross-examine the two prosecution witnesses, one of whom had already testified and the other of whom was about to be cross-examined. Defense counsel reviewed the transcript containing the testimony of these two witnesses at the mistrial. Then, he proceeded to cross-examine the one government witness but declined the court's offer to recall the other for further cross-examination. Under these circumstances we are satisfied that appellant was not so prejudiced in this case as now to require reversal because he lacked the means to impeach the two prosecution witnesses at his trial with their prior testimony.

*Affirmed.*

---

2. We reject appellant's contention that the fact that the jury could not agree at the first trial demonstrated the complexity of the case.

3. *Britt, supra* at 229 n.4, 92 S.Ct. at 434 n.4, recognizes that "trial notes might well provide an adequate substitute for a transcript."